UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                    CASE NO.: 2:06-CV-14013

vs.                                   DISTRICT JUDGE MARIANNE O. BATTANI
                                       MAGISTRATE JUDGE STEVEN D. PEPE

EIGHT THOUSAND EIGHT HUNDRED
AND TWENTY DOLLARS IN U.S. CURRENCY
(8,820.00 USC), AND ASSORTED JEWELRY

       Defendant in Rem,

TREASURES DIAMOND STORE (c/o Akif
Mahmud)

       Claimants.

_____/

**REPORT AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION TO STRIKE (Dkt. # 27)**

On September 12, 2006, Plaintiff, the United States of America, filed a Complaint for *in rem* civil forfeiture (Dkt. # 1). On December 5, 2007, claimant Treasures Diamond Store (c/o Akif Mahmud), filed a verified claim and statement of authority (Dkt. # 8). On February 6, 2006, Plaintiff filed a motion to strike Claimant's verified claim (Dkt. # 27). On February 7, 2008, this motion was referred to the undersigned who issued an Order requiring that on or before May 15, 2008, Claimant show cause as to why Plaintiff's motion to strike should not be granted (Dkts. # 28 & # 29). For the reasons discussed below, **IT IS RECOMMENDED** that Plaintiff's motion to strike be **GRANTED**.

The Defendant items *in rem* in this suit include: (1) eight thousand eight hundred twenty

dollars ($8,820.00) in U.S. currency and (2) several pieces of jewelry allegedly worth one hundred two thousand dollars ($102,000.00) that were in possession of Marlon McRae when they were seized.[1]  Plaintiff alleges that these goods, seized by the Drug Enforcement Agency at Detroit Metro Airport, were "moneys or things of value furnished or intended to be furnished in exchange for a controlled substance, and/or property constituting the proceeds of, and/or property purchased with proceeds that are traceable to narcotics trafficking" (*Id.* at 4).

On December 5, 2007, claimant Treasures Diamond Store (c/o Akif Mahmud), filed a verified claim and statement of authority (Dkt. # 8).  In this motion, Claimant alleges an interest in some of the seized jewelry including:

> (1) a 34" 14-Kara White Gold Straight Line Diamond Necklace with Cross;
> (2) 35" 14-Karat White Gold Straight Line Four-Prong Round Base Diamond Necklace with Cross;
> (3) 18-Karat White Gold Rolex Oyster Perpetual Day/Date President Watch;
> (4) Men's 18-Karat White Gold Hand Assembled one-of-a-kind Diamond Bracelet;
> (5) Men's 18-Karat White Gold Channel and Invisible Set Dome-Style Diamond Ring;
> (6) Men's 14-Karat White Gold Straight Line Round Base Four Prong Diamond Necklace.

---

[1] The Jewelry included: (1) a 34" 14-Kara White Gold Straight Line Diamond Necklace with Cross; (2) 35" 14-Karat White Gold Straight Line Four-Prong Round Base Diamond Necklace with Cross; (3) 18-Karat White Gold Rolex Oyster Perpetual Day/Date President Watch; (4) Men's Aqua Master Diamond and Rose Colored Stainless Steel Watch with Diamond Bezel; (5) Men's 14-Karat Rose Gold Rectangular Design and Square Top Diamond-Casted Polished Ring; (6) Men's 14-Karat Rose Gold Contemporary Channel Diamond Bracelet; (7) Men's 14-Karat Rose Gold Round Base Straight Line Four Prong Diamond Necklace; (8) Men's 14-Karat Rose Gold Pave Diamond Dog Tag; (9) Men's 18-Karat White Gold Hand Assembled one-of-a-kind Diamond Bracelet; (10) Men's 18-Karat White Gold Channel and Invisible Set Dome-Style Diamond Ring; (11) Men's 14-Karat White Gold Straight Line Round Base Four Prong Diamond Necklace; and (12) Men's 14-Karat Rose Gold 44' "S" Link Style Neck Chain with Lobster Clasp with Diamond Cross (Dkt. 1, p. 3).

(Dkt. # 8, p. 2).

Claimant alleges that it is the rightful owner of this jewelry, and contends that "evidence presented by government's attorney fails to prove that any of the seized items were found in proximity to controlled substances, or that said currency or items of jewelry are the derivation thereof." *Id.*

The Plaintiff filed interrogatories, requests for admission and document requests on McRae and Treasures Diamond Store, c/o Akif Mahmud on April 4, 2007. Responses were due on or before May 7, 2007. No responses were received and Claimant was ordered to respond (Dkt. # 24). Claimant has failed to comply with this Court's Order compelling Akif Mahmud to respond to Plaintiff's discovery requests. Nor has Claimant responded to the order to show cause. Counsel for Claimant has indicated informally to Plaintiff's counsel that Claimant no longer wishes to pursue his claim. Fed. R. Civ. P. 37(b)(2)(A)(iii) allows as a sanction for failing to comply with a discovery order the striking of a pleading.

Accordingly, **IT IS RECOMMENDED** that the verified claim of Akif Mahmud on behalf of Treasure Diamonds be **STRICKEN**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and

recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Dated: May 30, 2008                                         s/ Steven D. Pepe
Ann Arbor, Michigan                                         United States Magistrate Judge


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Report and Recommendation* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 16, 2008.

                                                            s/ Alissa Greer
                                                            Case Manager to Magistrate
                                                            Judge Steven D. Pepe
                                                            (734) 741-2298